**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1735**

ZHONG XIN FU,

               Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: February 16, 2012      Decided: March 5, 2012

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Dismissed in part and denied in part by unpublished per curiam
opinion.

Charles Christophe, CHRISTOPHE LAW GROUP, P.C., New York, New
York, for Petitioner. Tony West, Assistant Attorney General,
Anthony W. Norwood, Senior Litigation Counsel, Lisa M. Damiano,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zhong Xin Fu, a native and citizen of China, petitions for judicial review of an order of the Board of Immigration Appeals ("Board") denying his application for asylum, withholding of removal, and protection under Article III of the United Nations Convention Against Torture ("CAT"). We dismiss the petition in part and deny it in part.

Fu first challenges the determination that his application for asylum was untimely. As correctly noted by the Attorney General, pursuant to 8 U.S.C. § 1158(a)(3) (2006), we lack jurisdiction to review the Board's decision as to this issue. Although Fu alleges that the Board mischaracterized facts relating to his contention that his untimely filing should be excused based on changed circumstances, thereby committing a reviewable legal error, we have concluded that the question of whether an alien timely filed his asylum application or whether changed or exceptional circumstances applies "is a *discretionary determination* based on factual circumstances." Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009). Fu's attempt to frame his quarrel with the Board's factfinding as a legal question does not provide this court with a basis for jurisdiction.

Next, Fu argues that he has demonstrated a well-founded fear that he will be imprisoned because he is a member of the China Democracy Party and he is entitled to withholding

2

of removal.* Fu contends political prisoners are routinely tortured in China and, accordingly, asserts he also is entitled to protection under CAT.

To establish eligibility for withholding of removal, an alien must show a clear probability that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). A determination regarding eligibility for withholding of removal is to be affirmed if supported by substantial evidence on the record considered as a whole. Niang v. Gonzales, 492 F.3d 505, 510 (4th Cir. 2007). Factual findings made by the Board or the immigration judge "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006).

Our review of the evidence of record leads us to conclude that Fu fails to show that the evidence compels a contrary result on his eligibility for withholding of removal. Because Fu has not submitted sufficient evidence that he will be imprisoned, we also uphold the finding that Fu failed to

---

* The Attorney General argues that Fu has waived this argument by relying on the wrong burden of proof. We disagree and consider the argument on the merits.

demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2) (2011).

Accordingly, we dismiss the petition for review of Fu's asylum claim for lack of jurisdiction and deny the petition for review of his withholding of removal and CAT claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
DENIED IN PART